## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Charles A. Shoemake,                                      Civ. No. 08-6290 (DWF/JJK)

                Petitioner,

v.

                                   **REPORT AND**

The State of Minnesota,                                 **RECOMMENDATION**

                Respondent.

---

Charles A. Shoemake, #186562, Minnesota Correctional Facility, 7600 South 26th Street, Rush City, MN, 55069, *pro se.*

Leslie E. Beiers, St. Louis County Attorney, counsel for Respondent.

---

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before this Court on Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus (Doc. No. 6).  In the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1, Pet.), Petitioner raises the following grounds for relief: (1) that the prosecution in his state criminal trial failed to disclose exculpatory evidence to the defense; (2) that the severance of the charges against him based on the same conduct violated his right to be free from double jeopardy; and (3) that he was denied effective assistance of counsel.  After Respondent moved to dismiss, Petitioner filed an Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by

a Person in State Custody (Doc. No. 16, Am. Pet.), alleging only the ineffective-assistance-of-counsel and double-jeopardy claims.  The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, this Court recommends that Respondent's motion to dismiss be granted and this action be dismissed without prejudice.

## BACKGROUND

Petitioner is currently serving a sentence of 146 months for his conviction for first-degree criminal sexual conduct and a sentence of 48 months for his conviction for second-degree burglary.[1]  (Pet. ¶ 3; Am. Pet. ¶ 3.) Following his trial and conviction, Petitioner appealed to the Minnesota Court of Appeals, but obtained an order staying the appeal so that a post-conviction court could consider a claim that he had been denied effective assistance of counsel.  (Doc. No. 8, Ex. 1.)  He also argued to the post-conviction court that (1) the prosecutor had committed prejudicial misconduct by vouching for the credibility of the victim; (2) he should not have been sentenced separately for second-degree burglary and a motor-vehicle-theft charge; and (3) the victim made inconsistent

---

[1]   Initially, Petitioner was also convicted and sentenced for kidnapping and theft of a motor vehicle.  However, the kidnapping conviction was vacated (Doc. No. 8, Ex. 3 at 2), and the Minnesota Court of Appeals vacated the 30-month sentence Petitioner received for the motor-vehicle-theft charge because it involved the same criminal conduct as the burglary charge.  *State v. Shoemake* (*Shoemake I*), No. A05-1902, 2007 WL 4472277, at *3 (Minn. Ct. App. Dec. 22, 2007).

statements during her testimony.  *State v. Shoemake* (*Shoemake I*), No. A05-

1902, 2007 WL 4472277, at *1 (Minn. Ct. App. Dec. 22, 2007).  The post-

conviction court denied petitioner relief, and the Minnesota Court of Appeals

affirmed.  *Id.* at *4.

Petitioner then filed a petition for review by the Minnesota Supreme Court

(Doc. No. 10, Ex. 6), which was denied.  (Doc. No. 11, Ex. 7 at 9.)  Therafter,

Petitioner filed a *pro se* petition for post-conviction relief (the "second post-

conviction petition").  (Doc. No. 11, Ex. 9.)  The second post-conviction petition

was also denied by the District Court for the Sixth Judicial District of the State of

Minnesota.  (Doc. No. 12, Ex. 13.)  Petitioner appealed that decision to the

Minnesota Court of Appeals.  (Doc. No. 12, Ex. 14.)  Petitioner then filed the

instant Petition in the United States District Court for the District of Minnesota

seeking a writ of habeas corpus under 28 U.S.C. § 2254.  (Pet.)  The Minnesota

Court of Appeals has yet to rule on Petitioner's second postconviction petition.

*Shoemake v. State* (*Shoemake II*), No. A08-2020 (Minn. Ct. App. filed Nov. 20,

2008).

## DISCUSSION

**I.    AEDPA Exhaustion Requirements**

For a court to grant an application for a writ of habeas corpus to an

individual who is in custody pursuant to the judgment of a state court, the

applicant must have "exhausted the remedies available in the courts of the

State."  28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning

of [section 2254], if he has the right under the law of the State to raise, by any

available procedure, the question presented." *Id.* § 2254(c).  "A petitioner who

has not availed himself of a state's post-conviction procedure should be required

to do so unless he has no available, nonfutile remedies or the state waives the

exhaustion requirement." *Murray v. Wood*, 107 F.3d 629, 631 (8th Cir. 1997).

Where a petitioner has filed a petition for state post-conviction relief, and

thereafter files a petition for federal habeas relief while the state post-conviction

petition is still pending, the petitioner has not exhausted his state remedies.  *Cf.*

*Irwin v. Minnesota*, 829 F.2d 690, 691 n.3 (8th Cir. 1987) (noting that "[t]o date no

action has been taken on [the petitioner's pending state postconviction] petition").

## II.    Failure to Disclose

Petitioner first asserts that the prosecutor in his criminal trial failed to

disclose statements by the victim "that were examined and found to be

inconsistent with the victim[']s statements and inconsistent [with] proof of

[Petitioner's] guilt."  (Pet. ¶ 12A.)  Petitioner apparently argues that the

prosecutor had a duty to disclose such inconsistency because the inconsistent

statements were exonerating.  This Court need not reach the merits of this

argument, and offers no opinion regarding its merits here, because Petitioner has

abandoned this claim.  After this Court ordered Petitioner to respond to

Respondent's motion to dismiss (Doc. No. 15), Petitioner filed an Amended

Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody.  (Am. Pet.)  In the Amended Petition, he set forth as grounds for relief only double-jeopardy and ineffective-assistance-of-counsel claims.  (*Id.* ¶¶ 12A-12B.)  Therefore, no issue regarding a prosecutor's failure to disclose is before this Court, and this Court recommends that any claim on this ground be deemed abandoned.[2]

## III.   Double Jeopardy

Petitioner next raises a claim that his right not to be subjected to double jeopardy was violated because "the court sentenced [Petitioner] under several offenses which arose from the same criminal behavior[.]"  (Am. Pet. ¶ 12A; *see also* Pet. ¶ 12B.)  Petitioner raised this very argument in his second post-conviction petition (Doc. No. 11, Ex. 9 at 3).  The District Court for the Sixth Judicial District of Minnesota denied Petitioner's second post-conviction petition on October 16, 2008.  (Doc. No. 12, Ex. 13.)  Petitioner appealed that decision to the Minnesota Court of Appeals, and as noted above, the appellate court has yet to render any decision.  *Shoemake II*, No. A08-2020 (Minn. Ct. App. filed Nov. 20, 2008).  Because state post-conviction proceedings remain incomplete,

---

[2]    This Court notes, however, that although Petitioner referred to the inconsistent statements of the victim in his Pro Se Supplemental Brief to the Minnesota Court of Appeals following his conviction, the record shows that he never presented an argument to a state court that the prosecution failed to disclose exonerating evidence in violation of the constitutional requirement of disclosure set forth in *Brady v. Maryland*, 373 U.S. 83 (1963).  *See Shoemake II*, No. A05-1902, 2007 WL 4472277, at *2, 4 (Minn. Ct. App. Dec. 22, 2007) (rejecting Petitioner's argument that the prosecutor committed misconduct by personally vouching for a witnesses credibility and that the victim's inconsistent statements provided insufficient evidence to convict).

Petitioner has failed to exhaust his available state remedies. *See* 28 U.S.C. § 2254(c); *Irwin*, 829 F.2d at 691 n.3 (noting that "[t]o date no action has been taken on [the petitioner's pending state postconviction] petition"). This claim should be dismissed without prejudice.

## IV.     Ineffective Assistance of Counsel

In the Petition, Petitioner claimed that he was denied effective assistance of counsel because "counsel's representation fell so far below a reasonable objectiveness that it deprived [Petitioner] of . . . the right to a speedy and fair trial[.]" (Pet. ¶ 12C.) In the Amended Petition, Petitioner asserted the same ground for relief in a more general way: "Counsel's assistance fell well below an objecti[ve] reasonableness and to my belief precluded me from a fair trial[.]" (Am. Pet. ¶ 12B.) Petitioner raised the specific argument on direct appeal, and it was rejected by the Minnesota Court of Appeals in *Shoemake I*, 2007 WL 4472277, at *1-2. He raised the more general argument in his second post-conviction petition (Doc. No. 11, Ex. 9 at 4), which is now pending before the state appellate court in *Shoemake II*. Thus, Petitioner has not exhausted this claim and it should be dismissed without prejudice.

Because Petitioner has failed to present any exhausted claims, this Court recommends that the Amended Petition be dismissed without prejudice.

## RECOMMENDATION

Based on the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus

(Doc. No. 6) be **GRANTED**; and

2.      The Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody (Doc. No. 16) be **DISMISSED WITHOUT**

**PREJUDICE**.


Date: March 31, 2009


     _s/ Jeffrey J. Keyes_
JEFFREY J. KEYES
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**April 20, 2009**, a writing which specifically identifies those portions of this Report
to which objections are made and the basis of those objections.  Failure to
comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the
objecting party's brief within ten days after service thereof.  All briefs filed under
this rule shall be limited to 3500 words.  A judge shall make a de novo
determination of those portions of the Report to which objection is made.  This
Report and Recommendation does not constitute an order or judgment of the
District Court, and it is therefore not appealable directly to the Circuit Court of
Appeals.